UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ELKA E. HICKSON,<br><br>            Plaintiff,<br><br>      v.<br><br>CAROLYN W COLVIN, Acting Commissioner of the Social Security Administration,<br><br>            Defendant. | CASE NO. 14-cv-05953 JRC<br><br>ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b) |

      This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 6). This matter is before the Court on plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (*see* Dkt. 21). Defendant has no objection to plaintiff's request (*see* Dkt. 23).

      The Court may allow a reasonable fee for an attorney who represented a Social Security Title II claimant before the Court and obtained a favorable judgment, as long as such fee is not in excess of 25 percent of the total of past-due benefits. *See* 42 U.S.C. § 406(b)(1); *Grisbrecht v. Barnhart*, 535 U.S. 789 (2002). When a contingency agreement applies, the Court will look first to such agreement and will conduct an independent review to assure the reasonableness of the fee requested, taking into consideration the character of the representation and results achieved.

ORDER GRANTING MOTION FOR
ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §
406(B) - 1

1  *See Grisbrecht, supra*, 535 U.S. at 807, 808 (footnote omitted) (citations omitted). Although the

2  fee agreement is the primary means for determining the fee, the Court will adjust the fee

3  downward if substandard representation was provided, if the attorney caused excessive delay, or

4  if a windfall would result from the requested fee. *See Crawford v. Astrue*, 586 F.3d 1142, 1151

5  (9th Cir. 2009) (*citing Grisbrecht, supra*, 535 U.S. at 808).

6        Here, the representation was standard, at least, and the results achieved excellent (*see*

7  Dkt. 22, Attachment 3). *See Grisbrecht, supra*, 535 U.S. at 808.  Defendant stipulated to remand

8  the matter subsequent to plaintiff's filing of her Opening Brief, and plaintiff ultimately was

9  awarded benefits (*see id.*; Dkt. 16). There has not been excessive delay and no windfall will

10 result from the requested fee.

11       Plaintiff's total back payment was $35,830.00 (*see* Dkt. 22, Attachment 3 at p. 2).

12 Plaintiff has moved for a net attorney's fee of $2,957.50 (*see* Motion, Dkt. 21, p. 1), and the

13 Court has considered plaintiff's voluntarily reduced gross attorney's fee of $5,878.57 (Dkt. 22, p.

14 2), and the EAJA award received by plaintiff's attorney in the amount of $2,921.07 (Dkt. 20).

15 *Parish v. Comm'r. Soc. Sec. Admin.*, 698 F.3d 1215, 1221 (9th Cir. 2012).

16       Based on plaintiff's motion and supporting documents (*see* Dkt. 21, 22, Attachments 1, 2,

17 3), and with no objection from defendant (Dkt. 23), it is hereby ORDERED that attorney's fees

18 in the amount of $2,957.50, minus any processing fees allowed by statute, be awarded to

19 plaintiff's attorney, Francisco Rodriguez, Esq., at P.O. Box 31844, Seattle, WA 98103, pursuant

20 to 42 U.S.C. § 406(b).

21       Dated this 29th day of August, 2016.

J. Richard Creatura
United States Magistrate Judge